## Brovie v. The Philadelphia and Reading Coal and Iron Company, Appellant.

*Workmen's compensation law—Compensation—Cause of death—Evidence—Sufficiency.*

An award under the Workmen's Compensation Law will be sustained where there is sufficient competent evidence to sustain the ma-

terial findings of fact of the Referee and Workmen's Compensation Board.

The testimony of a physician that in his professional opinion the injury suffered by the employee caused or contributed to his death meets the requirements of the statute, and constitutes the legally competent evidence necessary to support the findings on which the award rests.

Argued October 25, 1926.    Appeal No. 18 October T., 1926, by defendant, from judgment of C. P. Northumberland County, September T., 1925, No. 111, in the case of Mrs. Mary Brovie vs. The Philadelphia and Reading Coal and Iron Company.    Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, and CUNNINGHAM, JJ.    Affirmed.

Appeal from decision of Workmen's Compensation Board.    Before STROUSS, P. J.

The facts are stated in the opinion of the Superior Court.

The Court sustained the award of the Workmen's Compensation Board.    Defendant appealed.

*Error assigned,* among others, was the decree of the Court.

*Voris Auten,* and with him *B. D. Troutman,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1927:

This is a case under the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, in which the referee made an award in favor of the claimant, which award was affirmed by the Workmen's Compensation Board and also by the Court of Common Pleas of Northumberland County upon appeal thereto by the defendant. From the final judgment in favor of the claimant in the court below we have this appeal.

The undisputed material facts were that Stanley

Brovie, the husband of the claimant, was injured in March, 1921, by a fall of top coal and sustained a fracture of the lower part of his left leg. He never fully recovered from this injury. A disease of the left tibia developed and on May 28, 1923, he was admitted to the Shamokin State Hospital and a portion of the bone removed. In October of the same year he returned to the hospital for another operation as an abscess had formed at the site of the first. As a result of the injury a "persistent sinus" developed and continued until his death on June 6, 1924. Brovie resumed his work at various times after the injury but by reason of the discharging sinus was frequently compelled to quit. During his lifetime he was paid compensation under an agreement for partial disability. The immediate cause of death was hypertrophic sclerosis of the liver. It was claimed on behalf of his widow and child that Brovie died as a result of complications traceable to the accident. The defendant contended that his death was not caused directly or indirectly by the injury. The referee and board having sustained the widow's contention, defendant appealed upon the ground that the award "is not based on competent testimony that death was the most probable result of [the] injury." The only inquiry therefore which we are to make upon this appeal is one of law, viz: whether the record contains any evidence competent in law to sustain the material findings of fact of the referee and board. The testimony in behalf of the claimant consists largely of that of the physicians who attended him from time to time; their competency as witnesses is not attacked and we are therefore not concerned with its weight or the conflicts of medical opinion therein contained: Stahl v. Watson Coal Co., App., 268 Pa. 452; Vorbnoff v. Mesta Machine Co. et al., Apps., 286 Pa. 199. On the question of the legal competency of the evidence to sustain

the findings of fact it is essential that, in order to answer the requirements of the law, a medical witness should be able to say, in substance at least, that in his professional opinion the result in question came from the cause alleged. "A less direct expression of opinion would fall below the required standard of proof and therefore would not constitute legally competent evidence"; Vorbnoff v. Mesta Machine Co., supra. The board found upon the testimony of Dr. Callaway, one of Brovie's physicians, that the amount of "toxic" injected into his system as a result of the injury and of the persistent sinus which followed contributed to the hypertrophic sclerosis of the liver from which he died; that this disease is caused by different poisons in the system—alcohol, various chemicals, high living and pus being enumerated as some of the causes—; and that "there was distinct evidence of the infection of the leg resulting in pus but no evidence of any other poison." The learned president judge of the court below held that there was competent testimony which, if believed by the referee and the board, sustained their findings. An examination of the record discloses that the testimony relied upon is not as clear as is desirable in a case of this kind. Doctors Flanagan and Callaway each had knowledge of Brovie's condition immediately preceding his death; they agreed that among the causes of hypertrophic sclerosis of the liver are hard drinking, indiscreet eating, highly-seasoned food, different chemicals and pus conditions. Dr. Flanagan, called by defendant, expressed the opinion that any connection between the condition of the leg and the disease which the testimony shows caused his death would be very remote, and that the sinus resulting from the injury was "an innocent party." Dr. Callaway, the attending physician, was called in behalf of claimant. In response to the inquiry whether or not in his opinion "that injury caused or aggravated

a condition resulting in death," he testified that he "believed it greatly influenced the hypertrophic sclerosis. ...... On account of the vast amount of toxic, it would go in his system." At another place in his testimony he said "I think it [pus from the injury] did have something to do with the man's sclerosis of the liver." The final statement of this witness was as follows: "Q. You are leaving yourself in two positions. If you will listen to the question and give us an opinion we will be satisfied. Having in mind that this man had an injury and went to the hospital and was curetted, and had a persistent sinus; you found death to be from a specific cause? A. Yes, sir. Q. Now is it your opinion professionally that that injury caused or contributed to his death? A. Absolutely, I think it did."

In our opinion this evidence sufficiently meets the requirements laid down in Fink, App., v. Sheldon Axle and Spring Co., 270 Pa. 476, 479; Tracey v. Phila. and Reading Coal and Iron Co., App., 270 Pa. 65; Grobuskie v. Shipman Koal Co., App., 80 Pa. Superior Ct. 349, and cases there cited; and Vorbnoff v. Mesta Machine Co. et al., Apps., supra. We therefore conclude that there was legally competent evidence present on the record to support the findings on which the award rests. In order to avoid any possible misapprehension with respect to the applicability of the opinion, which we have this day filed in Ludington v. Russell Coal Mining Company, to the method of calculating the award in this case, it is proper to note that no question was raised on this appeal with relation to when the period of 300 weeks involved in this case (and from which a deduction was made for the period during which compensation was paid Brovie in his lifetime) began to run. We therefore express no opinion concerning the amount of this award.

The assignment of error is overruled and the judgment is affirmed.