Flour *v.* Pennsylvania Railroad Co., Appellant.

Argued May 5, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*John R. Bredin,* of *Dalzell, Dalzell & McFall,* for appellant.

*A. M. Replogle,* for appellee.—No printed brief for appellee.

172

OPINION BY TREXLER, P. J., July 10, 1930:

This is an appeal from the action of the lower court sustaining an award of compensation made by the referee and compensation board.

The claimant was employed by the Pennsylvania Railroad Company in its steel car shop at Pitcairn, Pennsylvania, as a car repairman. On August 24, 1928, between two and three A. M., while in the course of his employment with the defendant, he was underneath a railroad car performing his usual work of "bucking" up rivets. He was holding a tool against the bottom of a rivet which was being driven by another man on the inside of the car with an air hammer, and in order to hold the tool, he braced himself by placing his foot on a rod or beam underneath the car, and while in this rigid position his foot slipped causing him to be thrown backwards and against the brake beam, a distance of about two feet from where he was standing, and striking his back in the lumbar region on the brake beam. He felt a sharp pain at the time and stopped working a few seconds to rub his back where it was hurting him. As he continued to work, his back came in contact with some nuts or bolts on the ground and there was a sharp pain when the objects touched the sore spot. He worked until seven o'clock in the morning and during that time had no pain.

When he went to bed, the pain became so severe that he was forced to seek medical attention. He went to his own physician who was informed as to the history of the accident, examined the back and strapped it. When he went to work again in the evening, he made preparations to begin, but again had a severe pain in his back. He reported to the foreman, who told him to go to the office and the general foreman, looking at his back and finding no evidence of injury told him he could stay around the night and do light work which he did. This consisted entirely of picking up some

rivets and other light articles. The next day he went to his own physician and was advised to go to a hospital for treatment.

August 31st, seven days after the accident, claimant went to the company physician, gave him a history of the accident and asked him for treatment. The company physician informed him he was suffering from lumbago and gave him some medicine to be taken internally. He asked for hospital treatment, but could not secure it from the defendant company at that time.

On September 4, 1928, the claimant applied of his own volition to the Mercy Hospital for treatment where he was admitted under the care of Dr. Seiber. At that time he was sick, had a temperature of 102 and complained of severe pain in his left lumbar region which was tender and swollen; there was an abscess which was opened and drained. The pus from the abscess showed streptococcus germs, x-ray examination showed destruction of the bone of the transverse process of the third and fourth lumbar vertebrae of the left side. After the acute abscess subsided, he was again operated on and part of the transverse processes and part of the bone of the third and fourth lumbar vertebrae were removed. On December 26, 1928, he was discharged from the hospital and returned merely for observation and treatment.

The Referee found that the claimant sustained injury while in the course of his employment, that an infection set in at the point of injury which together with the injury brought about the condition which has caused him to be totally disabled; that there is a most probable direct and causal relation between the injury and the condition which caused his disability.

The defendant contends that the medical testimony produced by the claimant is insufficient to sustain the award, because it does not establish the causal connection. See McMinnis v. Phila. Rapid Transit Co., 288 Pa. 377.

This is in substance what Dr. Seiber said. Passing over his testimony as to the history of the case, which we have already set out above, he testified that the difficulty which the claimant had, was an infection of the bone and in this type of case, the condition such as the patient had usually followed a history of injury. "The injury itself is not the cause of the abscess, but it can injure the tissue and we have a lowered resistance and he can become secondarily infected there. This is the usual method of production of this condition he had." The following question was put, "Where we have a history of previous good health and an accident such as the claimant has described following it, what you found, it is logical to assume that the accident was the cause of lighting up a pre-existing condition? That's it exactly."

We think this testimony that the usual method of production of such a condition as was indicated in this case and that it naturally follows a traumatic injury and that it is logical to assume that the accident was the cause of lighting up a pre-existing condition furnished strong support for claimant's position. The witness used the words "possible" and "probable" and standing alone this part of the testimony might not be strong enough to sustain the claim, but all his testimony must be considered and taken in connection with the plaintiff's, was sufficient. The testimony of the claimant apart from the medical testimony tends very strongly to show that the abscess resulted from the accident. The fact that he had pain where he was injured and that the locality of the abscess was at the seat of pain were all facts that he could testify far better than anyone else. There seems to be an obvious relation between the injury and the infection. Certainly from common experience without any medical testimony being produced, the inference would naturally follow that when a person is bruised and in the locality of the bruise an infection is developed, they

bear relation of cause and effect. The cases cited by the defendant are those where expert testimony must be solely relied on to show connection between the alleged cause and the certain result, Fink v. Sheldon Axle & Spring Co. (270 Pa. 476), and do not apply to injuries which are so immediately and directly, or naturally and probably, the result of the accident that the connection between them does not depend solely on the testimony of professional or expert witnesses. Davis v. Davis, 80 Pa. Superior Ct. 343; Utzman v. Penna. Rubber Co., 96 Pa. Superior Ct. 463.

We think there is sufficient evidence to support the finding of the Compensation Board. The judgment is affirmed.