De Beaumont, Appellant, v. Brown et al.

Argued October 15, 1931.

Be-fore TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Thomas M. J. Regan,* for appellant.

*Charles A. Wolfe* and *Robert T. McCracken,* for appellees.

OPINION BY BALDRIGE, J., January 28, 1932:

The claimant, on August 30, 1929, was accidentally injured by coming in contact with a plank. He received an open cut above his eye which immediately started to swell and become discolored. He forthwith

washed the blood from the wound and later resumed his work. About a week after the accident, his eye began to water and give him trouble and gradually became worse. In September he consulted an eye specialist and received treatment. In the latter part of November he was unable to continue his employment and early in January, 1930, the right eye was removed at the Wills Eye Hospital, where his trouble was diagnosed as cancer of the choroid, which had existed for some time prior to the accidental injury.

The referee found as a fact that the injury suffered by the claimant aggravated the pre-existing condition by causing the cancer to develop and hastening the loss of sight. The Workmen's Compensation Board affirmed the decision of the referee. The court of common pleas, in an appeal taken by the defendant, decided that there was not sufficient evidence to justify the findings and sent the case back to the board. By stipulation of counsel, no additional testimony was taken and the board, following the decision of the court of common pleas, then denied the claimant compensation. The court affirmed the decision of the board. This appeal was then taken.

The question for us to determine under section 427 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 755, as amended by the Act approved June 26, 1919, P. L. 642, 666, is whether there was sufficient evidence to support the findings of the board.

Dr. Wonders, a physician called upon the part of claimant, testified that when the injured man came to consult him on September 27, 1929, he had a scar over his right eyebrow. In the course of his direct examination, he said: "Q. This condition (cancer), if existing, would it be aggravated by a blow as severe as he received? A. I don't think there is any doubt about it. Q. Likely cause it to progress faster? A. Yes." The following was on cross examination: "Q.

What process of pathology could account for the formation of the tumor by the blow? A. I don't know that, only the irritation. That's the supposition. Q. How could the blow aggravate it? A. I don't know that. Q. And you can't state whether the blow definitely could have aggravated it or not? A. I could not." The referee then asked: Q. Then we gather from what you say, knowing of no other cause it is your professional opinion it is aggravated by the accident? A. Yes, due to past experience."

Dr. Colgan, who was called upon the part of the defendant, referring to tumors, said, "It is definitely known as pathology that these things grow and that the eye must come out. They are very rare, very rare. We know that they occur in patients between the age of forty and sixty, and you might go through your whole life and not see more than two or three of them." He was asked on cross examination: "Q. Now the man's own testimony is that he had no trouble with the eye until he had the accident, and some weeks after the accident he found his eye failing and it kept going down, in his words, until he couldn't see out of it at all and it had to be removed. That being the case, you would naturally think it progressed faster after the accident than it would have, naturally, don't you? A. According to that history, you would say yes."

This man was suffering with a very unusual condition and Dr. Wonders evidently felt that he could not state with absolute certainty the cause of the tumor or give a definite reason why a blow would aggravate it. This was not required to make his evidence competent. It could be reasonably inferred from his entire testimony that it was his professional opinion that the accident aggravated the claimant's malady. The testimony of physicians, in this class of cases, need not be so positive as to be without doubt, provided it is sufficiently exact to satisfy the mind of the referee

or the board that the accident contributed to the claimant's condition: Farran v. Curtis Pub. Co., 276 Pa. 553. In Brovie v. P. & R. C. & I. Co., 89 Pa. Superior Ct. 503, the testimony of the attending physician, in his direct and cross examinations, was contradictory, to which his attention was called, and he was asked which was correct. His final statement was, that in his professional opinion the injury caused, or contributed to, the claimant's death, and that testimony was held to be sufficient. We concede that there are cases where the testimony of witnesses is so conflicting that it is not entitled to any weight, but we think that Dr. Wonder's testimony does not fall within that principle.

Taking into consideration the plaintiff's condition before and after the accident, his claim was strengthened by the natural sequence of events. There were certain circumstances indicating a connection between the injury and the eventual loss of the eye. It is true that it was not as immediate as in some cases, but, on the other hand, it does not fall within the line of cases, such as Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, where there was no evidence of any surface injury, as here, and where the claimant relied solely on a medical opinion.

Although a court may feel that from the apparent weight of the evidence, the finding should be made adverse to that of the board, we are not at liberty to disturb the board's finding if it is supported by sufficient proof: Kuca v. Lehigh Val. Coal Co., 268 Pa. 163; Christ v. P. & R. C. & I. Co., 281 Pa. 94. The learned court below felt that the medical testimony was so unsatisfactory and contradictory as to be insufficient evidence to support the finding. With this conclusion we cannot agree. The man's history, the symptoms that followed a comparatively short time after the injury and the medical testimony convince us that the evidence was strong enough to satisfy the

mind of a reasonable person that this claimant's condition was aggravated by his injury, and that is sufficient to sustain the award.

Judgment is reversed and the record is remitted with directions to enter judgment in accordance with the award of the board entered as of August 7, 1930.