Sepesi *v.* Pittsburgh Coal Co., Appellant.

386

Argued April 16, 1934.

Before
TREXLER, P. J., KELLER, STADTFELD, PARKER and JAMES, JJ.

*R. N. Grier*, and with him *Rose & Eichenauer* and *Shelby, Hackney & Ray*, for appellant.

*Nicholas Polkabla*, for appellee.

OPINION BY TREXLER, P. J., October 3, 1934:

This is a workmen's compensation case, and has been before the board and the lower court twice. The claimant received his injury on May 21, 1930. He at that time had a sore on his lower lip, which was thereafter found to be cancer. On that day while working in the mine he was struck at the place where the sore was located with sufficient violence to cause the lip to bleed and swell. He was given first aid treatment by his fellow employees, who applied some remedy and placed a compress on the injured part, after which he continued to work for the balance of the day. He continued to work and quit October 12th and returned October 21st and worked until the 30th, and after that was totally disabled.

At the hearing before the referee there were a number of witnesses who testified that there was something wrong with his lip in the nature of a sore or blister prior to the accident, some as far back as 1926, and others, who came into intimate contact with him stated that they saw nothing. Evidently the compensation board came to the conclusion that there was a sore on his lip before he was injured. Its conclusion was that the injury sustained on May 21, 1930, did violence to an existing cancer, and that the cut caused by the piece of coal, together with the force of the blow, caused the cancer to spread and accelerated the growth and development of it, so that the injured man finally became totally disabled. Several doctors examined the seat of the trouble and all agreed that the growth on the claimant's lip was cancerous. There was a conflict of testimony between the doctors, some holding that the injury received from the piece of coal had no effect on the sore then existing, others came to the contrary conclusion. It was a matter entirely for the board to determine, which opinion, as to the origin of the injury, was correct, and it adopted the latter view. Dr. Behan, testified, "I believe that the injury this man received had a causative influence or bearing on the production of the cancer which he later had in this same area," and in answer to another question stated, "Any irritation can increase this disturbance so that the cell grows more rapidly in relation to other cells and this is what we call 'cancer.'" ...... "If cancer had been present, trauma—that is, a blow, would be received upon that area it would accelerate it—accelerate the rapidity of the growth. Usually."

One of the doctors called by the defendant testified that a very severe blow where the connective tissue had been destroyed might cause a certain amount of acceleration. There was evidence that the growth progressed more rapidly after the injury was received

than it did before. On June 14, 1930 the sore on the lower lip was the size of a dime with a split in the middle. On July 10th as large as a nickel; on August 20th the size of a quarter; on October 31st the entire lip was involved.

There is one thing certain that the blow was received at the point where the cancer was situated. Before the accident it was so small and inconspicuous as to be hardly noticed, and, as stated, some of the men who worked with the claimant and others who knew him well did not know of its existence. After the accident it spread rapidly. The board had every reason to believe that, had the accident not occurred, the development of the existing cancer would have been at a very slow rate, and that the blow aggravated it, and caused an injury which, according to some testimony, seemed to be stationary, to become rapidly progressive. These facts are present and, aside from the medical testimony, lend support to the conclusion reached by the board that the natural sequel of the blow received May 21, 1930, was the disability for which compensation is claimed: DeBeaumont v. Brown, 104 Pa. Superior Ct. 158, 158 A. 643.

The judgment is affirmed.