Hanlon *v.* Gulf Refining Company et al.,
Appellants.

Argued September 24, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Louis Wagner,* and with him *Richard A. Smith* and *Thomas J. Clary,* for appellant.

*Thomas M. J. Regan,* for appellee.

OPINION BY CUNNINGHAM, J., December 18, 1934:

The claimant in this workmen's compensation case was employed by Gulf Refining Company as a pipefitter's helper. On June 7, 1932, while endeavoring to descend from an elevation, eight or nine feet above the ground, by stepping from one pipe line to another, his foot slipped and the inside of his right knee struck the end of a metal cylinder. Upon application to the plant physician on June 8th and upon three subsequent visits, claimant was given liniment with which to treat his apparently slight injury. On June 18th he consulted Dr. Strickmyer, who treated him until October 1st; from the latter date he was under the care of Doctors Abeyta and Pennock. By November 24th, his knee had become so painful that he was obliged to quit work and has since been totally disabled. On February 15, 1933, claimant entered the Osteopathic Hospital where x-rays were taken and an operation performed on the outside of the knee on March 3d.

The referee's controlling finding of fact was that "the claimant's disability is due to an arthritic condition in said knee, and that said arthritic condition is the result of the aforesaid accident."

Upon appeal by the employer and its insurance carrier to the board, the findings of fact and conclusions of law of the referee were adopted and their appeal dismissed; they then appealed to the common pleas; that tribunal dismissed their exceptions and entered judgment upon the award of the referee. The present appeal is from that judgment.

That claimant is suffering from a disabling arthritis in his knee is not controverted. The question here

involved is "whether the evidence is sufficient to support the finding of a causal relation between the claimant's arthritis and an accident in the course of the employment"—particularly in view of the testimony of Dr. Abeyta to the effect that claimant's tonsils were diseased and thereby constituted a possible "focal source of infection." The record also discloses, however, that the removal of the tonsils on October 10, 1932, gave no relief.

If the judgment appealed from depended for its validity solely upon the medical testimony adduced by claimant, we would be obliged to reverse it; that evidence fell far short of the standard required under all our authorities. But we are not convinced that it was essential for this claimant to prove the alleged causal connection by the evidence of expert witnesses.

Although we may feel that the weight of the evidence, as a whole, is against the finding of fact of the compensation authorities, we may not disturb that finding if it is supported by sufficient legally competent evidence. Upon a careful consideration of all the evidence, we adopt the views thus expressed in the per curiam opinion of the court below:

"The question here is not whether we believe there was a causal connection between claimant bumping his knee against a metal pipe in June, 1932, and the arthritic condition present in his knee. The question is whether the affirmative finding of the referee and compensation board is supported by sufficient proof— whether there is competent evidence upon which any fact-finding tribunal could have concluded in favor of a causal connection.

"There is very little, if any, support for the finding in the testimony of the doctors, for not one of those who treated the claimant has expressed an opinion that the arthritic condition did result from the accident. The most that any one of such medical or

osteopathic witnesses has said is that arthritis can result from a blow.

"However, in cases of this character proof of the relation of cause and effect as to the accident and the bodily condition does not depend entirely upon professional testimony, whether of fact or of opinion, as indicated by President Judge TREXLER in Flour v. Pennsylvania Railroad Company, 99 Pa. Superior Ct. 170, decided in 1930, and by Judge BALDRIGE in De Beaumont v. Brown et al., 104 Pa. Superior Ct. 158, 158 A. 643. As Judge BALDRIGE said: 'Taking into consideration the plaintiff's condition before and after the accident, his claim was strengthened by the natural sequence of events.'

"The claimant was able to work on the day of the accident, and up to that time there is nothing in the record to indicate he had ever suffered with arthritis or complained of trouble with his knee. It is true there is some discrepancy in the recital of claimant's statements as to when he first began to suffer from the condition with his leg; it was possible to find as a fact that the arthritic condition antedated the accident. But, as we have said, we are not to find the facts, only to discover whether there is evidence from which the facts could be lawfully found. The case is close, but we feel obliged to dismiss the appeal."

Nothing may profitably be added to the opinion of the court below supporting the judgment appealed from and the assignments of error filed in this court are severally overruled.

Judgment affirmed.