## Lafferty v. Carbo-Oxygen Company et al., Appellants.

Argued April 15, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James J. Burns, Jr.,* for appellant.

*Joseph A. Langfitt, Jr.,* for appellee.

OPINION BY PARKER, J., July 10, 1936:

We agree with the conclusions of the referee, board and court of common pleas that the plaintiff is entitled

to compensation for the death of her husband. The only question raised on this appeal is whether there was sufficient competent evidence to sustain the referee's findings that the deceased met his death as a result of an accident.

The referee found: "That on October 18, 1930, the [deceased], a man 61 years of age, when loading oxygen cylinders in freight car, some cylinders fell on his left foot, bruising said foot. That as a result of said bruises the [deceased's] left leg became swollen and painful with evidence of infection, and said condition developed into a case of extensive chronic periostitis, which aggravated a pre-existing condition of arteriosclerosis, causing his heart muscles to become gradually worse until the [deceased] died from chronic myocardial insufficiency on February 24, 1933. That said injuries sustained were a direct contributory factor to his death."

We will refer briefly to the facts tending to sustain the findings of the referee. Prior to October 18, 1930, James Lafferty was a laborer in good health. On that day while in the course of his employment with the defendant he was injured by the falling of a heavy iron cap upon his left foot. He was able to work for a few days when the injury to the foot incapacitated him. He was attended for a time by the defendant's physician, was in a hospital for a time and was not able to work again prior to his death on February 24, 1933. Dr. Charles A. White who attended Lafferty from October 9, 1932 until his death testified as follows: "This heart condition was caused by arteriosclerosis which is a hardening of the inner coats of the arteries extended to the coronary arteries which would carry blood or nutriment to the heart muscles. When the coronaria arteries became infected, the heart muscles became affected as well. I believe that this arteriosclerosis was undoubtedly aggravated if it was not caused by this foot injury. I don't

know that Mr. Lafferty had any arteriosclerosis before his injury, but I do know he had it in October, 1932, and that the condition of his heart muscles became gradually worse until his death in February in 1933, and the diagnosis generated the seat of this pain and swelling in the foot. In my professional opinion, undoubtedly, had a direct influence on causing this heart lesion to become worse. Q. You would then say from your knowledge of the patient and the history of the case that the condition of his foot contributed directly to his death? A. Yes, I would say it contributed directly to his death."

There was other evidence not as explicit, but tending to corroborate the conclusions of Dr. White. The deceased received compensation for his injuries until February 23, 1933, a total of 117 1/7 weeks. During this time there was a petition to terminate presented by the defendant, and this petition was determined adversely to the defendant by referee, board, and court of common pleas. We cannot understand the testimony of the physicians as meaning anything else than that the existing physical condition of the deceased was aggravated and his death accelerated by the injury received in his employment. Such being the case the claimant is entitled to recover compensation. The fact that the deceased had a chronic ailment which made him more susceptible to an injury than an ordinary person will not defeat his right to compensation. On the contrary, if the preexisting ailment was aggravated and his death accelerated by the injury, then under the law he was entitled to compensation: Kucinic v. Foundry Co., 110 Pa. Superior Ct. 261, 168 A. 344. Also see Zionek v. Coal Co., 105 Pa. Superior Ct. 189, 160 A. 154; Johnson v. Orcutt, 103 Pa. Superior Ct. 507, 157 A. 46; Sepesi v. Coal Co., 114 Pa. Superior Ct. 385, 174 A. 590; Lucas v. Coal Co., 118 Pa. Superior Ct. 182, 179 A. 876; Bartlinski v. Mining Co., 117 Pa. Superior Ct. 437, 177 A. 518. It

is not vitally important whether the accident directly caused the arteriosclerosis or aggravated a latent existing condition of the blood vessels or the heart: Flowers v. Canuso, 115 Pa. Superior Ct. 234, 175 A. 287. We are all of the opinion that the case was correctly decided by the court below.

Judgment affirmed.