## Anthony *v.* Lee Coal Company, Appellant.

Argued November 14, 1950. Before Hirt, Reno, Dithrich, Ross and Arnold, JJ. (Rhodes, P. J. and Gunther, J., absent).

Karl E. Weise, with him Thomas D. Stauffer, Paul Kern Hirsch and Hirsch & Weise, for appellant.

George Jerko, with him Robert E. Ashe, for appellee.

Opinion by Hirt, J., January 12, 1951:

On May 17, 1948 claimant, in the course of his employment was operating a cable drawn shuttle car loaded with coal, in defendant's mine. He was in the act of taking hold of the loose cable when suddenly the power reel started to take up the slack. The moving cable caught his left foot and threw him to the floor of the mine. The circumstances of the accident are not disputed and the testimony supports the finding that, as a result of it, claimant's left knee and hip were injured. Claimant testified that he consulted Dr. John S. Wilson the next day and told him of the knee and the hip injuries and that he was treated for both injuries. Dr. Wilson when called as a witness could not remember the hip injury but a report signed by him on November 9, 1948 recites that he had treated claimant for "injuries to left knee and hip". The testimony

also supports the additional finding that "The Claimant became totally disabled immediately as a result of his accident of May 17, 1948, and did not return to his regular work until May 24, 1948" and that he continued to be so employed until September 2, 1948.

The serious dispute is whether there is support for further findings to the effect that claimant's total disability from the accident recurred on September 2, 1948 and continued until November 22, 1948; and that it then resolved itself into "partial disability reflected in a loss of earnings of $32.75 per week, which partial disability still continues". On these findings an award was made for total disability at $20 per week until November 22, 1948, and at the rate of $17 per week for partial disability thereafter. On appeal judgment was entered on the award by the lower court.

Claimant testified that on September 2, 1948, he had to quit work because of pain in his hip. He then reported his condition to his former superintendent and on his advice had an X-ray examination. Dr. I. N. Boyer who ordered the examination at the local hospital read the X-ray plates and agreed with the technician's report that "The lower spine, pelvis, including both hip bones reveals no pathology". Dr. Boyer did not examine claimant physically, and there is no competent medical evidence of a causal connection between the disability from the accident, following September 2, 1948, and the pain in the hip. Claimant was tripped by the moving cable so violently that his left foot touched the ceiling of the mine. The force of his fall well might have caused serious bodily injury in spite of the fact that there was no external evidence of injury other than swelling of the knee. Claimant's good faith in asserting a recurrence of disability from the accident on September 2, 1948, is not questioned. He testified that he never had had any trouble with his hip before the accident and in the latter part of 1948 he told Dr.

Wilson that he was unable to work because of pain in the hip. But nevertheless there is insufficient competent evidence in this record to warrant the conclusion that claimant's disability after September 2, 1948 should be regarded as a recurrence chargeable to the accident. The pain in his hip might have resulted from any one of a number of causes other than the accident.

In the record there is testimony of H. L. Cleeland, a licensed chiropractor, who in the course of treating claimant, subsequent to August 21, 1948, ordered an X-ray examination of claimant's hip. Dr. Cleeland was found to be qualified to read the X-ray plates and he testified that they showed evidence of "an irritation to the left sacroiliac articulation" and an "old standing injury" predating May 17, 1948, by "years previous to that". If claimant's disability beginning in September 1948 is attributable to the accident of May 17, 1948, either as a direct result of it or by aggravation of a preexisting condition, of course claimant will be entitled to an award but not otherwise.

In our view, however, the circumstances of this case require unequivocal medical testimony of a causal connection between the accident and the disability beginning with September 2, 1948, to support an award. This case on its facts comes within the rule of *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A. 2d 995 and *Beck v. Franklin Glass Corp. et al.*, 136 Pa. Superior Ct. 204, 7 A.2d 600. On returning to work after the accident claimant was able to perform the duties of his regular employment for more than three months. The sequence of events is too tenuous to connect the disability beginning in September of 1948, with the accident. The case therefore does not come within the rule advanced by appellee to the effect that where there is such close connection between the accident and the injury as to satisfy a reasonable mind as to the cause of

the disability, medical testimony is not necessary to establish causation. *Palermo v. N. East Preserving Wks. Inc.,* 141 Pa. Superior Ct. 211, 15 A. 2d 44; *Hanlon v. Gulf Refining Co. et al.,* 115 Pa. Superior Ct. 315, 175 A. 724; *Mohr v. Desimone & Sayers,* 110 Pa. Superior Ct. 44, 167 A. 504. The principle is invariably applicable only where symptoms follow the accident within a comparatively short time, and for that reason warrant a finding that the claimant's condition was caused or aggravated by the injury. *De Beaumont v. Brown et al.,* 104 Pa. Superior Ct. 158, 158 A. 643.

The evidence in our view is insufficient also to support the finding of the extent of claimant's partial disability. Loss of earning power is purely a factual question to be determined by the compensation authorities on competent evidence. *Svestka v. Union Collieries Co.,* 149 Pa. Superior Ct. 468, 27 A. 2d 675. On November 22, 1948 claimant undertook employment as a truck driver for a milk company. There is no evidence of the extent of his impairment of earning power thereafter except his loss in earnings measured by the difference between his former wages and his earnings as a truck driver, amounting to about $32.75 per week. Earning power is not determined solely by the amount of wages received by a claimant after his injury. Other elements are involved. *Leaver v. The Midvale Company,* 162 Pa. Superior Ct. 393, 57 A. 2d 698. In the instant case claimant has not been more definite in stating why he took the trucking job than to say that he could not perform his work in the mine. Driving a truck may not truly reflect his present earning power. *Henry v. Pittsburgh Railways Co.,* 131 Pa. Superior Ct. 252, 200 A. 294.

On rehearing, the Board in its discretion may regard this case as calling for the appointment of an impartial medical expert to determine the cause of claimant's dis-

ability, and, if attributable to the accident, to express an opinion as to the extent of his partial disability.

Judgment reversed; this proceeding is referred back to the Board for disposition after further hearing.