Montgomery Mills Company *v.* Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Raymond T. Yount. Montgomery Mills Company, Appellant.

472

Argued September 10, 1976, before Judges CRUM-LISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*John M. Humphrey*, with him *Candor, Youngman, Gibson & Gault*, for appellant.

*Graham C. Showalter*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE WILKINSON, October 4, 1976:

Appellant appeals a decision by the Workmen's Compensation Appeal Board upholding a referee's award of total disability benefits to claimant. We affirm.

Claimant alleged in his claim petition for compensation that on November 27, 1973, he slipped and fell on an icy driveway while on the premises and in the employ of the appellant. Claimant further alleged that as a result of the accident he injured his back and became disabled thereby on February 8, 1974. Appellant denied all allegations except that regarding claimant's employment status. Appellant further stated that it was without knowledge of the circumstances relied upon by the claimant.

Hearings were held on March 25, 1975 and May 15, 1975. The record reveals that the testimony on several points was inconsistent and conflicting. Nevertheless, the referee's findings of fact included that the accident did occur on November 27, 1973, as alleged by the claimant; that as a result thereof the claimant was totally disabled from February 8, 1974, to the indefinite future; and that notice of the accident had been given the appellant on the date of the injury. The referee, therefore, awarded total disability compensation beginning February 8, 1974, and indefinitely thereafter.

In affirming the referee's award, the Workmen's Compensation Appeal Board did not consider additional evidence. Therefore, we may consider only whether an error of law had been committed below and whether substantial evidence exists to support the essential findings of fact. *Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 561, 346 A.2d 829, 831 (1975). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Appellant's first argument is that the finding below that the claimant is permanently disabled as the result of an accidental injury is not based upon sufficient competent evidence. Within this argument appellant claims that unequivocal medical testimony is lacking in the record to establish a causal connection between the accident and the disability and that such unequivocal testimony is required in this case. We do not agree.

The long-established rule is that unequivocal medical testimony is required to establish a causal connection between an accident and a disability only where the connection is not obvious. *E.g., Workmen's Compensation Appeal Board v. Czepurnyj*, 20 Pa.

Commonwealth Ct. 305, 310, 340 A.2d 915, 918-19 (1975). Although the standard for finding an obvious connection between accident and disability is strict, it is sufficiently established in this case. It is clear that the accident on appellant's premises involved claimant's falling on his back. The referee found as a fact that the accident occurred on November 27, 1973. Substantial evidence exists to support this finding. Substantial evidence also exists to show that the claimant had suffered no injury to his back prior to November 27, 1973.

Eyewitness testimony as well as that of the claimant indicates that the claimant suffered pain from the fall. The claimant and his wife, both of whose testimony was accepted as credible by the referee, testified that the claimant continued to have severe back pains on the afternoon of the accident and that the pain intensified such that the claimant desired diagnosis and treatment on December 1, 1973, four days later. The medical witness testified that he conducted an examination on that date. He testified as to his recollection that the claimant in explaining his condition stated that he had fallen. The diagnosis of the medical witness was that there was indeed an injury to his back, a "nerve impingement of the spinal area." The medical witness stated unequivocally that this same nerve impingement has continued to the present and has affected claimant's ability to work.

Appellant insists, however, that unequivocal medical testimony as to causation is nonetheless required under the rule set forth in *Anthony v. Lee Coal Company*, 168 Pa. Superior Ct. 397, 77 A.2d 657 (1951). There, an employee was injured and hospitalized briefly but soon resumed his full normal duties for three months without further pain or difficulty. When he alleged that after that period a disability was caused by the injury, the Superior Court held that positive

medical testimony to that effect was required. Appellant herein argues that simply because claimant did not allege disability until February 8, 1974, the rule of *Anthony* should be applied. Again, we cannot agree. The facts of this case are crucially different from those of *Anthony*. Here, the claimant did not resume his normal work schedule. The record shows that he worked only part-time during the month following the accident and relatively little thereafter. Nor was he free from pain during the period between the accident and the allegation of disability. Rather, he was in constant pain each morning and was receiving regular treatments throughout that time.

Appellant next contends that the record does not adequately establish that the claimant's disability involved his back and asserts that the area of disability is claimant's knee. While there are references in the testimony to claimant's knee, the medical testimony that the claimant's disability involved his back is clearly sufficient. In response to the question as to whether claimant's nerve impingement of the spinal area would affect his ability to work, the sole medical witness replied unequivocallly "yes." Appellant, however, asserts that the referee failed to make a specific finding that the area of disability was claimant's back. We hold that the referee's incorporation into his decision of the medical diagnosis describing claimant's injury as one of nerve impingement in the spinal area constitutes a sufficient finding on that question.

Appellant's next argument is that there is insufficient evidence to support the finding of total disability from February 8, 1974, through the date of the referee's decision and indefinitely thereafter. This is based primarily upon a statement made by the medical witness that the claimant could return to work

in March, 1974. However, an examination of the record reveals substantial testimony by the same medical witness that the claimant was unable to work at that time because of his back disability.

Finally, appellant asserts that there is insufficient evidence to support the referee's finding that timely and adequate notice of the accident was given the appellant as required by The Pennsylvania Workmen's Compensation Act.[1] Although the testimony conflicted on that point, the referee's finding is supported by substantial evidence and will not be disturbed.

A thorough examination of the record reveals no additional grounds for appeal.

Accordingly, we will enter the following

### ORDER

Now, the 4th day of October, 1976, the decision of the Workmen's Compensation Appeal Board, at Docket Number A-70656, filed February 5, 1976, awarding compensation to the claimant herein at the rate of $89.00 per week for the total duration of said disability and payment to the claimant of $647.00 for medical expenses, both to be paid in full by the defendant, Montgomery Mills Company and/or its insurance carrier, is hereby affirmed.

---

[1] Section 312 of the Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §632.