Chamberlain Manufacturing Corp., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Stanley H. Stankiewicz, Respondents.

Argued September 11, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Joseph E. Gallagher,* of counsel, *Bour, Gallagher & Foley,* for petitioner.

*Michael Basista,* for respondent, Stanley H. Stankiewicz.

OPINION BY JUDGE MACPHAIL, October 15, 1980:

Chamberlain Manufacturing Corporation (Petitioner) has filed this appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's order that granted benefits to Stanley H. Stankiewicz (Claimant) for temporary total disability. We affirm.

On August 26, 1975, Claimant, aided by two fellow employees, was carrying a heavy piece of equipment when he tripped on an imperfection in the cement floor

and fell. The piece of equipment was jarred from Claimant's grasp and he testified that it struck him in the back as he fell. Claimant was taken immediately to the emergency room of a nearby hospital where he was referred to his own physician and released. He was examined by his physician on August 28, 1975 and, as a result of this examination, was hospitalized on September 9, 1975. A conservative course of treatment did not alleviate Claimant's symptoms; therefore, surgery to remove two herniated discs was performed on November 5, 1975. Claimant was discharged from the hospital on November 15, 1975 and was released to return to light work on February 24, 1976. He had worked continuously from that date to the time of the referee's hearing on this matter.

Petitioner raises two issues for our review: (1) whether the referee's conclusion that Petitioner was bound by a finding entered by another referee in a related matter was error and (2) whether the referee's finding that Claimant's disability was caused by the injury of August 26, 1975 is based on substantial evidence.

The record in the instant case shows that Claimant had sustained a prior injury to his back during the course of his employment on May 7, 1975. Benefits were paid by Petitioner, but a Termination Petition was duly filed subsequent to August 7, 1975, the date on which Claimant returned to work. This Termination Petition was granted on September 20, 1977.

Referee Donlan, who ruled on the Termination Petition, found inter alia that all disability from the May 7, 1975 injury had ceased and that any disability experienced by Claimant subsequent to August 7, 1975 was the result of the incident on August 26, 1975.

Referee Simon, who presided in the instant case, concluded that Petitioner was bound by Referee Donlan's finding that a new work related injury had oc-

curred on August 26, 1975 because no appeal was filed from that finding.

Although this issue was resolved in favor of Petitioner by the Board, it has also been raised before us. We see no need to elaborate upon the Board's holding that Referee Donlan's finding was not binding upon Petitioner since the issues of whether the injury on August 26, 1975 was work related and had caused Claimant to become disabled were not before that referee in the Petitioner's proceeding to terminate benefits for the injury of May 7, 1975. However, the referee's error does not compel a reversal or remand if there is other substantial evidence of causation.

Although Claimant's medical witness, Dr. Malloy, testified that Claimant's condition was the result of an injury rather than a degenerative condition, Petitioner contends that Dr. Malloy based his opinion of causation on an assumed fact not established by the record.

Dr. Malloy testified that it was his understanding that on August 26, 1975 Claimant slipped and fell, striking his back on the floor. The testimony of Claimant was that he thought that the piece of equipment he was carrying struck him or he struck it. The testimony of his co-workers is consistent with that theory of what happened. However, neither co-worker saw exactly what happened, nor, for that matter, did the Claimant. What is undisputed is that the Claimant fell to the floor while carrying the equipment and immediately complained, "My back, my back." Nevertheless, Petitioner contends that this factual discrepancy renders Dr. Malloy's testimony on causation valueless.

The findings of fact made by the referee will be affirmed, absent fraud, if they are supported by substantial evidence. Administrative Agency Law, 2 Pa. C. S. §704. " 'Substantial' evidence is such relevant evidence as a reasonable mind might accept as ade-

quate to support a conclusion." *Montgomery Mills Co. v. Workmen's Compensation Appeal Board,* 26 Pa. Commonwealth Ct. 471, 473, 364 A.2d 508, 509 (1976).

Petitioner argues, in effect, that Dr. Malloy's testimony would establish causation only if Claimant had fallen on his back. A fair reading of the doctor's testimony, however, reveals that his opinion was based on the fact that an injury or blow to Claimant's back had occurred and not on how that injury was received. Dr. Malloy testified clearly that Claimant's disability was caused by the combination of the May 7, 1975 and the August 26, 1975 injuries. The doctor further stated that, since Claimant had returned to work following the May 7 injury, it was the "second insult" of August 26 that caused the acute symptomology that necessitated surgery in November of 1975.

The testimony of Dr. Malloy, read in its entirety, is substantial evidence that an injury analogous to Claimant falling and striking his back on the floor had caused his disability. Claimant's testimony provides evidence of such an injury. It was reasonable for the referee to conclude from Dr. Malloy's testimony that a blow to the back, however received, caused Claimant's disability. We are well satisfied that the referee's finding of causation is based upon substantial competent evidence.

Accordingly, we will affirm the Board's order to the extent that it affirms the referee's conclusion that Claimant suffered a work related injury on August 26, 1975 resulting in the Claimant's temporary total disability from August 27, 1975 to February 24, 1976.[1]

---

[1] Although the Board found that the referee erred in his conclusion that he was bound by the referee's decision in the previous termination proceeding, the Board's order affirms the referee's findings of fact and conclusions of law without reference to that error.

## ORDER

AND Now, this 15th day of October, 1980, the order of the Workmen's Compensation Appeal Board, dated August 23, 1979, is hereby affirmed to the extent that it concludes that Claimant suffered a work related injury on August 26, 1975 resulting in Claimant's temporary total disability from August 27, 1975 to February 24, 1976 and it is ordered that judgment be entered in favor of Stanley H. Stankiewicz and against Chamberlain Manufacturing Corporation as follows:

Petitioner is directed to pay Claimant compensation for temporary total disability from August 27, 1975 to February 23, 1976, inclusive, at the rate of $129.07 per week. Compensation payments are suspended effective February 24, 1976.

Deferred payments of compensation shall bear interest at the rate of ten per centum per annum from the due date thereof.

Petitioner is further directed to pay the following medical bills, services and costs incurred by the Claimant as a result of said work related injury:

Dr. Severino Piczon .............. $  495.00
    Forum Plaza
    Scranton, Pa.
Dr. Olindo Preli .................. $   80.00
    Medical Arts Building
    Scranton, Pa.
Dr. Edwin S. Malloy .............. $  150.00
    Forum Plaza
    Scranton, Pa.
Community Medical Center ......... $4,705.80
    1822 Mulberry Street
    Scranton, Pa.

and to reimburse the Claimant the sum of $15.65 for drug bills which he paid.

Counsel fees are approved in the amount of twenty (20%) per cent of the entire award of compensation payments due and owing Claimant and are to be deducted from the Claimant's proceeds and paid directly to Attorney Michael Basista, 609 Scranton Electric Building, Scranton, Pennsylvania 18503. The balance of said compensation to be paid directly to the Claimant.