Workmen's Compensation Appeal Board of the
Commonwealth of Pennsylvania and Bethlehem
Steel Corporation *v.* Stefan Czepurnyj, Appellant.

306

Argued May 8, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Hymen Schlesinger*, with him *Isadore Schlesinger*, for appellant.

*Samuel P. Gerace*, with him *Robert C. Jones, Jones, Gregg, Creehan & Gerace*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE CRUMLISH, JR., July 17, 1975:

This is a direct administrative appeal. The Workmen's Compensation Appeal Board of Pennsylvania (Board) reversed a referee's award of compensation for total disability and acknowledged the employer's right to subrogation of the amount paid to a claimant under a non-occupational insurance plan in these peculiar circumstances.

On November 20, 1972, Stefan Czepurnyj (Appellant) filed a claim petition under the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq., alleging that an accident in the course of his employment with Bethlehem Steel Corporation (Appellee) had occurred on July 17, 1971. He alleged that he had slipped on an oily floor spot as he was lifting a 150 pound steel plate to a steel press which allegedly resulted in a spinal injury rendering him totally disabled. Appellee's answer denied the accident and disability. In it, two basic issues were proffered: 1) that timely notice of the accident had not been given, and 2) that it was entitled to subrogation for the payments made to Appellant under a private insurance plan for an injury, occurring on approximately this same date, believed to be beyond the coverage of the Workmen's Compensation Act. Following three hearings, the referee awarded total disability compensation, finding that Appellant had suffered a compensable accident which rendered him totally disabled, that proper notice of the accident was given, and that subrogation was in order. On appeal, the Board substituted its findings for those of the referee without taking additional evidence, and reversed the award of compensation but, nevertheless, approved the subrogation.

Since the proceedings before the referee as well as the Board postdated the 1972 Amendments to the Workmen's Compensation Act, the respective evidentiary review functions of the referee and Board are controlled by our decision in *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). As the Board did not take additional evidence, the referee was the ultimate finder of fact, and his determinations of the credibility of witnesses and the weight to be given the evidence were conclusive on the Board and on us. We must, thus, conclude that the Board erred in substituting its findings for those of the referee,

and we must now review the referee's findings for substantial evidence as the party having the burden of proof prevailed in its presentation to the referee. *Joseph Horne Co. v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 411, 327 A.2d 395 (1974); *Mauchly Associates v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 296, 325 A.2d 496 (1974).

Consistent with this review, we reverse the Board, and reinstate the referee's award, with subrogation rights to Appellee.

First, we consider Appellee's contention that the instant claim is barred because Appellant failed to give timely notice of the accident as is required by Section 311, 77 P.S. §631 (Supp. 1974-75). At the time pertinent to this appeal, Section 311 provided: "Unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the accident, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed." Recognizing that this section is to be liberally construed, it is, nevertheless, mandatory and bars a claim where it is found that appropriate notice of the accident has not been given to the employer within 120 days of its occurrence. *Canterna v. U. S. Steel Corp.*, 12 Pa. Commonwealth Ct. 579, 317 A.2d 355 (1974).

The referee found as a fact that Appellee was given timely notice of the accident. The Board, however, discarded this finding and substituted its own to the effect that the first notice of the accident was December 16, 1972 when Appellee was first notified of the claim petition. Suffice it to say that the referee had before him substantial competent evidence in the form of Appellant's testimony of the giving of immediate notice to his fore-

man which made his finding binding on the Board absent the taking of additional evidence. The Board apparently discounted Appellant's testimony because he could only identify the foreman as "Zorro," a name not appearing on Appellee's roster of employes. At the hearing before the referee, however, the parties agreed that Appellant was referring to Phillip Zorn, a general foreman in the shop. Although Zorn, as well as other representatives of Appellee, testified that Appellant never notified him of the accident on the date in question, it is clear that the referee accepted Appellant's testimony of the notification as credible in finding that notice had been given. "Matters of credibility and conflicting testimony as to whether notice of the accident had been given to the employer are, of course, questions for the fact finder (here the referee)." *Canterna v. U.S. Steel Corp.*, *supra*, at 582, 317 A.2d at 357.[1]

Does there exist substantial evidence to support the referee's finding of an accident at work and a causal relationship between the injuries sustained in that accident and Appellant's present disability? We again must hold that the Board, although speaking to a review of competent evidence, invaded the exclusive province of the referee to make credibility determinations and to weigh the scales of the evidence. The determination critical to both these questions is whether there is competent evidence that Appellant, in fact, suffered a compensable accident on July 17, 1971. The referee found that on this date Appellant suffered an accidental injury which totally disabled him from July 18, 1971. This was suffi-

---

1. It is not disputed that notice to Appellant's foreman, as found to have been given, would be sufficient to comply with the requirements of Section 313, 77 P.S. §633 (Supp. 1974-75), specifying, *inter alia*, that notice be given to the "immediate or other superior of the employe." *See Reed v. Glidden Co.*, 13 Pa. Commonwealth Ct. 343, 318 A. 2d 379 (1974); *Allen v. Patterson-Emerson-Comstock, Inc.*, 180 Pa. Superior Ct. 286, 119 A. 2d 832 (1956).

ciently supported by Appellant's testimony that in the middle of July of 1971 (the exact date could not be recalled by Appellant), he slipped and fell to the floor while carrying a 150 pound metal sheet to a press, and that as a result of the fall injured his arm and back. Interestingly, the Board also found that the accident had occurred, but attributed Appellant's disabling back injury to a "non-occupational car accident" in which Appellant was allegedly involved on or about July 16, 1971. The Board's substitution of its findings on this critical factual issue was clearly error as the evidence of the alleged auto accident, coming in the form of an attending physician's supplemental statement for purposes of the employer's non-occupational disability benefit program, was before the referee and obviously given little weight by him. The fact that the witness might have made an inconsistent statement to his physician at a prior time does not render his testimony incompetent, but rather goes to the credibility of the witness which was for the referee to pass upon. *See Ripani v. Dittman*, 297 Pa. 124, 146 A. 562 (1929). Additionally, we note that the physician who prepared the form, Dr. Baczkowski, testified that when he referred to a car accident, he was under the impression that the accident occurred at work and that the car mentioned was of the industrial type used in the plant. Appellee most certainly produced substantial evidence that Appellant had not suffered an accident, but it was for the referee, and not the Board or this Court, to resolve conflicts in the evidence.

Having determined that there was substantial evidence to sustain Appellant's burden of proving an accident, we must also conclude that he has met this burden in proving a causal relationship between the accident and the disability. Where there is no obvious causal relationship between an employee's injury and an alleged accident, unequivocal medical testimony is required to establish the necessary causal connection. *Calcite Quarry*

*Corp. v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 347, 322 A.2d 403 (1974); *Czankner v. Sky Top Lodge, Inc.,* 13 Pa. Commonwealth Ct. 220, 308 A.2d 911 (1974).

Appellant's medical witness was a Dr. Sherman, a board certified specialist in physical medicine and rehabilitation. He testified that based upon a physical and neurological examination and x-rays of Appellant that he was of the opinion that Appellant suffered from degenerative disc disease at level L4, L5 with associated severe muscle spasms, that this condition rendered him totally disabled for his prior occupation as a heavy laborer,[2] and that this disability, though partially attributable to a pre-existing arthritic condition, was directly related to the July 17th accident. The Board concluded that this doctor's opinion was incompetent as 1) based upon an examination 18 months after the accident and without consultation with the treating physician; 2) based upon the Appellant's history of the accident without mention of an alleged intervening auto accident, and 3) beyond the doctor's field of expertise. The Board thus concluded that "[t]aken as a whole, the circumstances of Dr. Sherman's examination flawed his ability to render an opinion with reasonable medical certainty as a matter of law." We disagree.

It is immediately apparent that the fact that Dr. Sherman was not the treating physician and was retained long after the accident does not render his opinion incompetent. Although attending physicians are preferred as witnesses in workmen's compensation cases, the fact of their treatment of a claimant versus the limitation of their involvement to a diagnosis for the purposes of litigation goes only to the weight of their

---

2. Appellee did not present evidence of the availability of other suitable work which the Appellant would be capable of performing.

testimony which was resolved by the referee here in favor of Appellant. *Russell v. Scott Paper Co.,* 140 Pa Superior Ct. 84, 13 A.2d 181 (1940). Similarly, the fact that he reviewed the medical records of Appellant only shortly before the hearing reflects upon the weight and not the competence of his opinion. His physical examinations of Appellant as well as a review of his back x-rays rendered Dr. Sherman's medical findings competent evidence. With respect to this physician's reliance upon the history of the accident as described by Appellant, such reliance does not render his subsequent opinion of causation equivocal or otherwise incompetent if the supposed facts forming the basis of his diagnosis and determination of causal nexus with the accident are proven by competent evidence and accepted as true by the referee. *Reed v. Glidden Co., supra; Sabatini v. Affiliated Food Distributors, Inc.,* 6 Pa. Commonwealth Ct. 470, 295 A.2d 845 (1972). Nor can we agree that Dr. Sherman stepped beyond the field of his competence in rendering his diagnosis. We need only note that his expertise to render a medical opinion was not objected to at the hearing, and thus any objection to his competence was waived. Moreover, we find his testimony to be well within the scope of his profession and practice. *See McKinney Manufacturing Corp. v. Straub,* 9 Pa. Commonwealth Ct. 79, 305 A.2d 59 (1973). Dr. Sherman was a medical doctor of some twenty-five years experience with 65% of his work involving non-surgical orthopedics. Given these qualifications, we can only conclude that the Board erred in rejecting his medical opinion as incompetent.

Finally, we find that Appellee has subrogation rights under Section 319, 77 P.S. §671, to the extent of $3,954 which was received by Appellant under Appellee's non-occupational "social insurance plan." *See U.S. Steel Corp. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 67, 303 A.2d 200 (1973). Accordingly on this point, we affirm the Board.

## ORDER

AND NOW, July 17, 1975, the order of the Workmen's Compensation Appeal Board is reversed, and Bethlehem Steel Corporation is directed to pay to Stefan Czepurnyj compensation for total disability $60.00 per week commencing July 18, 1971 and continuing indefinitely into the future, together with interest at the rate of 6% per year on deferred installments, all within the limits of the Workmen's Compensation Act. Bethlehem Steel Corporation is entitled to subrogation in the amount of $3,954.00.