397 A.2d 415

**William Dennis MORGAN, Claimant-Appellant,**

**and**

**Workmen's Compensation Appeal Board**

v.

**GIANT MARKETS, INC., Appellee.**

Supreme Court of Pennsylvania.

Argued Nov. 13, 1978.

Decided Jan. 24, 1979.

Robert J. Nolan, Gelb & Myers, Scranton, for claimant-appellant.

Joseph A. Murphy, Lenahan, Dempsey & Murphy, John R. Lenahan, Jr., Scranton, for appellee.

James N. Diefenderfer, Allentown, for Workmen's Compensation Board.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This is an appeal from the Commonwealth Court's reversal of a workmen's compensation award in favor of appellant. The sole question presented is: Do the following facts, as testified to by appellant, make out a case of causation between the work incident and the appellant's injury?

Appellant, William Dennis Morgan, was employed by appellee, Giant Market's, Inc., as a driver of a baked goods

delivery truck. On the day that appellant was injured, he was attempting to unload a stack of empty pans, by pushing them toward the rear door of the truck, from the inside. While bracing his feet against the front interior of the truck and pushing the stack of pans with his hands, appellant's lower back "gave-way" and he collapsed. At that moment, appellant experienced "a lot of pain", and, "a feeling of being paralyzed". Appellant crawled out of the truck and walked in a bent over position into the bakery. Once inside, appellant informed the shop foreman of his injury, and he was permitted to refrain from lifting for the remainder of the shift. (At the end of the shift, appellant was laid-off due to lack of work).

Within a few days, appellant visited the company doctor. Following a second visit, he was referred by the company doctor to an orthopedic surgeon, under whose care appellant remained for approximately three months. Appellant visited the orthopedic surgeon on ten occasions during this period for various examinations and treatment of lower-back muscle spasms. No medical witnesses testified on behalf of appellant. However, medical bills showing said treatment and the costs were introduced into the record.

The Commonwealth Court held, as a matter of law, that the above facts do not establish the causation because no medical testimony linking the work incident and the injury had been produced. The court relied on *Montgomery Mills Co. v. Workmen's Compensation Board of Appeals*, 26 Pa. Cmwlth. 471, 364 A.2d 508 (1976) which held:

> "The long-established rule is that unequivocal medical testimony is required to establish a causal connection between an accident and a disability *only where the connection is not obvious*". E. g., *Workmen's Compensation Appeal Board v. Czepurnyj*, 20 Pa.Cmwlth. 305, 310, 340 A.2d 915, 918–19 (1975). Id., 26 Pa.Cmwlth. at 473, 364 A.2d at 508–09 (Emphasis added).

In interpreting *Montgomery Mills, supra*, the court held that in the instant case the causal connection between the work incident and the injury was not obvious, and, therefore, medical testimony was needed.

■■ We are reversing the Commonwealth Court in the instant case. Where one is doing an act that requires force or strain and pain is experienced at the point of force or strain, the injury may be found to have been established. Pain is an excellent symptom of an injury. Of course, the trier of fact will determine the credibility of the witness's testimony as to the total situation. We, therefore, find substantial competent evidence in the record to support the conclusion of the Workmen's Compensation Board of Appeals, that the above facts establish a causal connection between the work incident and appellant's injury. *Pages Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 566 (1975).

Accordingly, we reverse the Commonwealth Court and reinstate the decision of the Workmen's Compensation Board of Appeals awarding appellant compensation benefits.

ROBERTS, J., concurs in the result.

EAGEN, C. J., filed a dissenting opinion.

O'BRIEN, J., did not participate in the decision of this case.

POMEROY, Former J., did not participate in the consideration or decision of this case.

EAGEN, Chief Justice, dissenting.

I dissent.

An award of workmen's compensation may not be made where there is no obvious causal connection between the work incident and the injury unless causation is established by unequivocal medical testimony. *Munns v. Easthome Furniture Industries, Inc.*, 193 Pa.Super. 61, 164 A.2d 30 (1960); *Montgomery Mills Co. v. Workmen's Compensation Appeal Board*, 26 Pa.Cmwlth. 471, 364 A.2d 508 (1976); *Workmen's Compensation Appeal Board v. Czepurnyj*, 20 Pa.Cmwlth. 305, 340 A.2d 915 (1975).

The circumstances surrounding the incident do not establish an obvious causal relationship between the work inci-

dent and the injury. It was, therefore, incumbent upon claimant to establish the causal connection by unequivocal medical testimony. This he failed to do although he claims to have been treated by an orthopedic surgeon for months.