Shenango China, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Betty Colich, Respondents.

Argued December 7, 1979, before Judges CRUMLISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Raymond F. Keisling,* of *Will & Keisling,* for petitioner.

*Robert D. George,* for respondent.

OPINION BY JUDGE MACPHAIL, February 25, 1980:

Reduced to its simplest terms, the sole issue in this appeal by Shenango China (Appellant) from the order of the Workmen's Compensation Appeal Board (Board) granting benefits to Betty Colich (Claimant) is whether there was substantial evidence to prove that Claimant's disc herniation resulted from an accident while Claimant was performing her usual duties of employment on August 15, 1977.[1]

Claimant had been employed by Appellant since 1972 as a polish grinder. As part of her duties, Claimant was frequently required to move large buggies filled with supplies to and from her work site. Claimant testified that on August 15, 1977, while moving a particularly heavy buggy, she "felt a strain" in her back. She returned to her work site, but the pain grew more intense, whereupon she told her supervisor about her problem and received permission to go home. She testified positively that she told her supervisor she had hurt her back while pushing a loaded buggy that evening. The supervisor testified that she told him her back was hurting from a previous injury.[2] Claimant returned to work the next night, but the pain was so intense that she consulted the

---

[1] The Appellant has not raised the issue of whether a finding of total and permanent disability is supported by substantial evidence and, therefore, we do not address that issue.

[2] There is substantial evidence that Claimant had suffered a back injury in 1976 which she also reported to Appellant.

Appellant's nurse who secured an appointment with the company physician. The doctor prescribed medication and rest and after several weeks told Claimant that she could return to work with a seat brace. Even using the seat brace Claimant's discomfort continued and on or about August 31, 1977 she consulted Dr. Corbett who conducted tests and determined that Claimant was suffering from a herniated disc. The doctor recommended surgery which was performed on November 21, 1977. Claimant is presently recovering from this surgery. Appellant points out that neither the doctor's report nor the hospital records indicate an injury on August 15. In fact, the hospital records indicate an injury in January.

The general rule is that unequivocal medical testimony is essential where no obvious causation exists to prove an accident. *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 307, 387 A.2d 683 (1978). Appellant argues that this rule applies in the instant case. We disagree. In *Morgan v. Giant Markets, Inc.*, 483 Pa. 421, 397 A.2d 415 (1979), our Supreme Court stated: "Where one is doing an act that requires force or strain and pain is experienced at the point of force or strain, the injury may be found to have been established." *Id.* at 424, 397 A.2d at 416.

Claimant's testimony in the instant case meets the test set forth in the *Morgan* case. The referee chose to believe that testimony and, of course, he is the ultimate fact finder. *Interstate Truck Service, Inc. v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 22, 400 A.2d 225 (1979).

Order affirmed.

ORDER

AND NOW, this 25th day of February, 1980, the order of the Workmen's Compensation Appeal Board,

dated December 21, 1978, granting benefits to Betty Colich is affirmed.

It is ordered that judgment be entered in favor of Betty Colich and against Shenango China in the amount of $108.80 per week beginning August 17, 1977 and continuing into the indefinite future within the terms and limits of the Pennsylvania Workmen's Compensation Act.

Shenango China or its insurance carrier is directed to reimburse the Claimant for reasonable cost of medical expenses incurred in the amount of $3,916.06 and to pay attorney's fees of 20%.

This decision was reached prior to the death of President Judge BowMAN.

Judge DiSALLE did not participate in the decision in this case.