Children's Aid & Family Services and Ohio Casualty Group, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joyce E. Otrhalik, Respondent.

Argued June 6, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Mark Gordon,* with him, *Fred C. Trenor, Meyer, Darraugh, Buckler, Bebenek & Eck,* for petitioners.

*Leonard P. Kane, Jr., Fried, Kane, Walters & Zuschlag,* for respondents.

OPINION BY JUDGE MACPHAIL, August 6, 1980:

Children's Aid & Family Services and its insurance carrier, The Ohio Casualty Group (Petitioners), have filed this appeal from an order of the Workmen's

Compensation Appeal Board (Board), which upheld the referee's denial of a petition for termination of compensation to Joyce E. Otrhalik (Claimant). We affirm.

Claimant was injured on January 9, 1976 when she slipped on ice during the course of her employment and sustained an injury to her back. A Notice of Compensation Payable was filed on February 26, 1976 and benefits in the amount of $93.50 per week were paid as of January 17, 1976. Petitioners filed the termination petition, which is the subject of the instant action, on November 15, 1976.

The termination petition avers that Claimant had fully recovered from the injuries sustained on January 9, 1976. This averment is based on a medical examination performed on August 23, 1976 by Dr. Roy S. Temeles, who testified that he found no evidence of any disability and that, in his opinion, Claimant could return to her former employment.

The record shows that claimant's treating physician, Dr. Heywood A. Haser, had advised Claimant, on August 30, 1976, that she could return to work with the limitation that she not lift weights in excess of thirty pounds. The Claimant called her former employer, Children's Aid & Family Service, in September of 1976 to request part-time employment. She was informed that no part-time work was available. Because she desired to work, the Claimant sought housekeeping work. She testified that she and a friend worked together in this venture and, from October 3, 1976 to November 6, 1976, she earned about $100. Claimant ceased this work because she experienced renewed back pain.

In December of 1976, Claimant suffered back pain radiating to her legs and sought treatment from Dr. Haser. Her condition improved and she was again advised that she could return to work with the aforementioned weight limitation.

Claimant was examined by Dr. Eric Minde on April 6, 1977. He testified that she was totally disabled from performing her former job. On direct examination, he expressed the unequivocal opinion that Claimant's problems with her back were caused by the injury of January 9, 1976.

The Petitioners contend that the Claimant had fully recovered in August of 1976 from the injuries caused by the accident of January 9, 1976. The Petitioners further argue that Dr. Minde's testimony on causation was equivocal but was relied upon by the referee.[1] Finally, Petitioners contend that the evidence shows that Claimant sustained a new injury in or about October of 1976 that is not related to the injury of January 9, 1976.

Since this action involves a Termination Petition, the Petitioners had the burden to prove that Claimant's disability had ceased or was no longer the result of the injury of January 9, 1976. *Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.*, 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976). Because the party having the burden of proof did not succeed below, we will review the referee's decision to determine whether the findings of fact are consistent with each other and with the conclusions of law and the order and whether these findings can be

---

[1] The record shows that Dr. Minde's deposition was taken on August 12, 1977 and that the referee's first opinion and order were entered on August 15, 1977. Petitioners sought and were granted a remand by the Board so that the referee could consider Dr. Minde's testimony. Since that was the basis of the remand, we are not surprised that the referee took pains to mention Dr. Minde in his findings of fact. Now Petitioners allege that the referee must be reversed because he relied on Dr. Minde's testimony, which is equivocal. Petitioners forget who has the burden of proof. Claimant did not have to present unequivocal medical testimony on causation. There is much support in the record for the referee's decision even were Dr. Minde's testimony not present.

sustained without a capricious disregard of the evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

The crux of Petitioners' argument is that Claimant's symptoms immediately following the accident involved the left side of her lower body, while the symptoms she recited to Dr. Minde involve the right side. Petitioners assert that this change in symptoms mandates a finding that Claimant sustained a new injury.

While it is true that Dr. Minde expressed surprise that symptoms involving the right side had not been reported immediately following the accident, he stated that the accident could have caused these symptoms.

Further, Petitioners overlook the fact that Dr. Haser examined Claimant in January of 1977 at which time she complained of pain in both legs. His testimony expressed no surprise at the development of pain on the right side and gave no indication that such pain was inconsistent with his original diagnosis.

The record establishes that Claimant's work with Children's Aid & Family Services involved travelling from home to home caring for the needs of elderly persons. This often involved lifting patients from beds or wheelchairs. Dr. Haser clearly testified that, in his opinion, Claimant can no longer do this work because of the injury sustained on January 9, 1976. He so testified on April 7, 1977.

Petitioners presented no medical evidence to show that the symptoms experienced by Claimant in January of 1977 and in April of 1977 are not causally related to the injury of January 9, 1976. The medical testimony that tends to show such causal relationship is, therefore, unrebutted.

Even if the medical testimony were rebutted, the referee is free to choose which of conflicting opinions to believe. This is the essence of his role as fact finder.

*Workmen's Compensation Appeal Board v. State Workmen's Insurance Fund,* 19 Pa. Commonwealth Ct. 605, 339 A.2d 158 (1975).

There is no evidence of any new injury to the Claimant subsequent to August of 1976. Petitioners rely on *Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979) in insisting that a new injury must be found, but that reliance is grossly misplaced.

In *Morgan,* the Supreme Court of Pennsylvania held that unequivocal medical testimony is not needed to show causation where the person is doing an act requiring force or strain and pain is felt at the point of strain. "Pain is an excellent symptom of injury." *Id.* at 424, 397 A.2d at 416.

Petitioners argue that since Claimant experienced pain in December of 1976, she must have incurred a new injury. This absolutely ignores the Claimant's testimony that she did not perform any act requiring force during the period in question. Petitioners would have us hold that pain equals injury. This is clearly not the meaning of *Morgan* and we refuse to so hold now.

A careful review of the record convinces us that Petitioners did not sustain their burden of proof. We therefore affirm the Board.

### Order

And Now, this 6th day of August, 1980, the order of the Workmen's Compensation Appeal Board, dated June 21, 1979, affirming the order of the referee, dated June 23, 1978 is hereby affirmed. It is ordered that judgment be entered in favor of Joyce E. Otrhalik and against Children's Aid & Family Services and The Ohio Casualty Group as follows:

Compensation payable under Notice of Compensation Payable No. 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, filed February 26, 1976

is continued in full force and effect up to and including October 2, 1976.

Compensation is then payable for partial disability at the rate of $59.26 per week ($108.90 prior average wage — $20.00 earning power = $88.90 x ⅔ = $59.26) from October 3, 1976 through November 6, 1976, inclusive, a period of five weeks in the total amount of $296.30

Compensation is then payable at the rate of $93.50 per week beginning November 7, 1976 continuing into the indefinite future, however, all within the meaning and provisions of the Workmen's Compensation Act, as amended.

The defendant and/or its insurance carrier, having continued to pay compensation pursuant to the notice of Compensation Payable filed February 26, 1976, is directed to take credit for the overpayment of $34.24 per week paid the claimant during the period from October 3, 1976 through November 6, 1976, inclusive, in the total amount of $171.20.

The defendant and/or its insurance carrier is further directed to take credit against the aforementioned award for all compensation paid to the claimant during the period from February 26, 1976 and January 2, 1978, inclusive. Said credit shall include the aforementioned overpayment of $171.20.

The defendant and/or its insurance carrier is directed to pay the following reasonable medical expense:

DR. KEYWOOD A. HASER
1099 Ohio River Boulevard
Sewickley, Pa. ........................$55.00
Prescribed prescriptions —
    reimburse claimant               5.00

The defendant and/or its insurance carrier is further directed to reimburse claimant's counsel for reasonable costs of prosecution incurred in the total amount of $372.60.

Reasonable attorney fees in the amount of $1,122.00 are approved and the defendant and/or its insurance company is directed to deduct $18.70 from each week of compensation that becomes due and payable to the claimant during the period beginning on January 3, 1978 thru February 4, 1979, inclusive, and forward it, together with the aforementioned costs of $372.60 directly to:

LEONARD P. KANE, JR., ESQ.
Suite 640, Two Gateway Center
Pittsburgh, PA. 15222

All remaining payments of compensation and interest shall be paid directly to the claimant.