IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Mercado,                          :
              Petitioner      :
                                             :
            v.                          :   No.  500 C.D. 2022
                                           :   Submitted:  December 9, 2022
Antonio Origlio, Inc. (Workers'           :
Compensation Appeal Board),               :
              Respondent      :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                        FILED:  April 18, 2023

Antonio Mercado (Mercado) petitions for review (Petition for Review) of the May 4, 2022 order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) Decision and Order (WCJ Order), which denied Mercado's Claim Petition (Claim Petition).  After review, we conclude the Board properly affirmed the WCJ Order, and we affirm.

## I.  Background and Procedural History

On July 29, 2020, Mercado filed a Claim Petition under the Workers' Compensation Act (Act)[1] alleging he sustained a work injury on June 1, 2020, while bending and lifting as an order picker for Antonio Origlio, Inc. (Employer).  He

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

sought partial disability benefits from June 1, 2020, through July 5, 2020, and then ongoing full disability benefits from July 6, 2020, forward. Employer filed a timely Answer denying the material allegations.

On October 13, 2020 and June 22, 2021, the WCJ held hearings on the Claim Petition. The WCJ received testimony both in support of and in opposition to Mercado's request. On December 16, 2021, the WCJ set forth the testimony he received in a Findings of Fact, and he issued an order denying Mercado's Claim Petition. In its opinion, the Board presented the factual background as follows:

> [Mercado] testified that his job duties for [Employer] involved selecting and loading cases of beer onto a skid steer to be shipped out to customers. He believed that most of the time the lifting involved ten to fifteen pounds at most. He testified that on June 1, 2020, he was lifting thirty can packs of beer when he felt a heat and pain in his back between his shoulder blades and lower back. [Mercado] indicated that he notified his supervisor, whose name he was not sure of, but it was a third shift supervisor, and subsequently left work and sought medical treatment at Urgent Care. [Mercado] was eventually seen at WorkNet and placed on light duty restrictions. [Mercado] testified he continued to work through June 22, 2020, but did not feel he could perform the assigned position. [Mercado] then came under the care of Dr. Stempler, who took [Mercado] out of work as of July 6, 2020. [Mercado] testified he does not feel he has been physically capable of performing his regular job. [Mercado] denied ever injuring his neck or back prior to June 1, 2020, or July 6, 2020.

> On cross examination, [Mercado] acknowledged that he began working for [Employer] on December 11, 2019, and had numerous non-work related absences since that time. [Mercado] acknowledged that some of his absences were no-shows. [Mercado] gave numerous explanations for his absences, including not having a ride, the covid virus and family matters related to the same, and his children. [Mercado] acknowledged that he eventually received a written warning on March 14, 2020, regarding his absences. [Mercado] denied having a conversation with Jocelyn Miranda, his supervisor, that he hurt his back at home while playing with his children.

2

[Mercado] presented the deposition testimony of Norman Stempler, a previously board-certified orthopedic surgeon who first performed a medical teleconference examination of [Mercado] on July 1, 2020. At that time, Dr. Stempler obtained a history of [Mercado]'s alleged work injury, and he noted that [Mercado] reported mid to lower back pain with numbness and tingling in his hands and feet. Dr. Stempler recommended an MRI [Magnetic Resonance Imaging] to go with the nerve testing, physical therapy, as well as chiropractic treatment. An MRI was obtained August 28, 2020, which revealed a L4/5 posterior bulge with pivoted ligament hypertrophy causing some canal narrowing, with a disc bulge of the side. A July 7, 2020, EMG [Electromyography] study of the lower extremity showed a right L5 radiculopathy, which Dr. Stempler found to be consistent with [Mercado]'s complaints of pain. Dr. Stempler ultimately opined that as a result of the June 1, 2020, incident, [Mercado] sustained chronic refracturing, which may be difficult to treat, cervical thoracolumbar and lumbosacral, as well as sacroiliitis musculoligamentous with myofascitis with microfiber musculoligamentous disruption with tears, chronic sacroiliitis, myofascitis, and intermittent lumbar radiculitis. In his opinion, [Mercado] would not be physically capable of performing his regular position of employment without restrictions.

[Employer] presented the testimony of Jocelyn Miranda, the Executive Supervisor for [Employer]. Ms. Miranda testified that she was familiar with [Mercado], having worked with him on a daily basis when he came to work. She indicated that on or around June 1, 2020, she noticed that [Mercado] was a little "offish" and she asked him what was wrong. Ms. Miranda stated [Mercado] said his back was hurting, and when she asked what had happened, he said he hurt his back while messing with his kids at home. She further indicated that she asked [Mercado] if he injured his back at work, and he said he did not, reiterating that he hurt his back at home playing with his kids. Ms. Miranda acknowledged that she eventually became aware that [Mercado] alleged a work injury. She stated that she then advised her supervisor, Rob[ert] Wagner, that [Mercado] had told her that he hurt himself at home. Ms. Miranda agreed that she made this conversation known to the company attorney around August 2020, but she had informed Mr. Wagner of the same prior to that meeting.

[Employer] presented the testimony of Robert Wagner, who is presently the Safety Manager for [Employer]. Mr. Wagner indicated that he is familiar with [Mercado], having been the one to have hired him on December 19, 2019. He indicated that when [Mercado] was

hired, he was advised as to the [Employer]'s attendance policy, with employees being allowed five unexcused absences within 365 days. Mr. Wagner indicated that [Mercado]'s attendance was not very good at all, and confirmed that between December 11, 2019, and the alleged date of injury, [Mercado] had 20 absences in that six-month period. Mr. Wagner indicated [Mercado] had not been terminated, as he felt [Mercado] was a good kid, and a hard worker when he was at work, and was going through some tough times in his life. Mr. Wagner confirmed that as of May 14, 2020, [Mercado] was provided with a final written counseling, advising him that a doctor's note would be required when calling off. Mr. Wagner confirmed he first became aware that [Mercado] was alleging a work injury on June 1, 2020, when he received a call from Patient First. Mr. Wagner testified that he eventually spoke with Ms. Miranda, and she told him that [Mercado] did not hurt himself at work, but at home playing with his children. Mr. Wagner stated that his conversation with Ms. Miranda happened on June 2, 2020.

[Employer] presented the deposition testimony of Menachem M. Meller, M.D., an orthopedic surgeon who examined [Mercado] on October 19, 2020. Dr. Meller obtained a history of [Mercado]'s alleged work injury and subsequent medical treatment, and also reviewed [Mercado]'s diagnostic studies. Dr. Meller indicated that [Mercado]'s symptoms are not corroborated and do not correlate with the diagnostic studies. He explained that the location of [Mercado]'s asserted continuing complaints is not consistent with any of the mild, relatively unremarkable findings on the diagnostic studies. Dr. Meller testified that he performed a physical examination which revealed only mild findings. Ultimately, Dr. Meller opined that there was no hard evidence that [Mercado] sustained a work-related injury.

Board Opinion (Bd. Op.), 5/4/22 at 2-6 (citations to the record omitted).

Ultimately, the WCJ found Mercado "failed to sustain his [b]urden of [p]roof that he sustained a work injury on June 1, 2020 or that any subsequent disability or medical care and treatment [was] causally related to the same." WCJ Order, Conclusions of Law, ¶ 3. Mercado appealed the WCJ Order to the Board. The Board affirmed the WCJ Order, finding it "contains the necessary findings of fact," and agreeing Mercado failed to meet his burden of proof. Bd. Op., 5/4/22, at 7-8.

4

Mercado filed his Petition for Review with this Court. He raises the following issue: "Whether the decision of the [Board] affirming the [WCJ]'s complete denial of the Claim Petition is supported by substantial competent evidence and is well reasoned?" Mercado's Brief at 4. Mercado argues, "[t]he evidence submitted does not support a complete denial of the petition." Petition for Review ¶ 3. Specifically, he alleges, "[t]he findings are inconsistent and are not supported by the record and crucial issues were not addressed," and the WCJ "failed to resolve the inherent inconsistencies in the [E]mployer's fact testimony which impacted his credibility findings." *Id*.

## II. Discussion

In a claim petition, a claimant has the burden of establishing a right to compensation and must prove all the elements necessary to support an award of benefits. *Inglis House v. Workmen's Comp. Appeal Bd. (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). As an essential element for an award of benefits, the claimant must establish he sustained a work-related injury. *Sch. Dist. of Phila. v. Workers' Comp. Appeal Bd. (Lanier)*, 727 A.2d 1171, 1172 (Pa. Cmwlth. 1999).

"Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Frankiewicz v. Workers' Comp. Appeal Bd. (Kinder Morgan, Inc.)*, 177 A.3d 991, 995 n.2 (Pa. Cmwlth. 2017). Questions of credibility, conflicting medical evidence, and evidentiary weight fall within the WCJ's authority, and the WCJ is free to accept the testimony of any witness, including medical witnesses, in whole or in part. *Ingrassia v. Workers' Comp. Appeal Bd. (Universal Health Servs., Inc.)*, 126 A.3d 394, 399 n.5 (Pa. Cmwlth. 2015).

5

Mercado questions the WCJ's credibility determinations. While credibility determinations generally are not subject to review, in order to offer a "reasoned decision" in compliance with the Act, Section 422(a), the WCJ must issue a decision "containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached." 77 P.S. § 834. This Court has held a WCJ must provide reasons for accepting or rejecting evidence. *Ingrassia*, 126 A.3d at 402-403 Further, our Supreme Court concluded, "[a]bsent some articulation of the basis for [the WCJ's] conclusion on credibility . . . [a] credibility decision does not meet the standard found in Section 422(a)." *Daniels v. Worker' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043, 1054 (Pa. 2003).

In the WCJ Order, the WCJ provided reasons he accepted or rejected evidence. For example, the WCJ did not find Mercado's testimony credible and rejected it in its entirety. The WCJ explained his testimony was "replete with inconsistencies, both internally and as compared to credible Employer witness testimony." WCJ Order, Findings of Fact, ¶ 11.c. On the other hand, the WCJ accepted the testimony of both Mr. Wagner and Ms. Miranda, employees of Employer, finding it "credible, probative and persuasive." *Id.* ¶ 11.d. The WCJ expanded on this credibility determination, explaining Mr. Wagner "was very non-adversarial on cross-examination, acknowledging he made every attempt to give [Mercado] the benefit of the doubt and tried to maintain [Mercado's] employment status." *Id.* The WCJ found Ms. Miranda's recollection of discussions with Mercado were "far more credible, probative and persuasive" compared to Mercado's

"extremely inconsistent recollection of times, dates [and] reasons for his unexcused absences . . . ." *Id.*

The WCJ also received testimony from two physicians. The WCJ found the testimony of Dr. Meller "credible, probative and persuasive" and found his "description of the nature and extent of his physical examination and review of the evidentiary record . . . quite comprehensive and detailed." *Id.* ¶ 11.e. However, the WCJ rejected the testimony of Dr. Stempler, explaining his opinions were "significantly based upon an acceptance of the history as presented by [Mercado]," and were formulated after a telemedicine conference, without physical examination or review of records, and did not change despite "subsequent conflicting diagnostic findings." *Id.* ¶ 11.f.

The WCJ considered the medical evidence presented, reports of other employees of Employer, and Mercado's own testimony. Ultimately, the WCJ rejected Mercado's testimony and medical evidence, and as a result, Mercado failed to meet his burden of proof in establishing he sustained a work injury. The WCJ set forth substantial evidence, along with rationale for his credibility determinations, to support his decision to deny Mercado's Claim Petition. In so doing, the WCJ issued a reasoned decision in compliance with Section 422(a).

### III. Conclusion

For the foregoing reasons, we conclude the WCJ's findings are supported by substantial evidence, he issued a reasoned decision, and the Board properly affirmed the WCJ Order. Accordingly, we affirm the Board's Order.

_____
STACY WALLACE, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Mercado,                          :
                          Petitioner      :
                                          :
        v.                                :    No.  500 C.D. 2022
                                          :
Antonio Origlio, Inc. (Workers'           :
Compensation Appeal Board),               :
                          Respondent      :

# **O R D E R**

**AND NOW**, this 18th day of April 2023, the May 4, 2022 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
STACY WALLACE, Judge