IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lorraine Majette,                       :
                          Petitioner    :
                                        :
         v.                             : No.  1487 C.D. 2021
                                        : Submitted:  November 6, 2023
Allentown School District               :
(Workers' Compensation                  :
Appeal Board),                          :
                          Respondent :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED:  December 22, 2023


        Lorraine Majette (Claimant) petitions for review of the November 23, 2021
order of the Workers' Compensation Appeal Board (Board) affirming the Workers'
Compensation Judge's (WCJ) February 11, 2021 Decision and Order (WCJ Order),
which partially granted Claimant's Claim Petition (Claim Petition) she filed against
Allentown School District (Employer).[1]   After review, we conclude the Board
properly affirmed the WCJ Order, and we affirm.

---

[1] The WCJ issued an Amended Decision and Order on February 16, 2021, to clarify Employer was
to pay statutory interest on the award of benefits.  In all other respects, the WCJ reaffirmed the
original February 11, 2021 Decision and Order.

## I. Background and Procedural History

Claimant was a special education teacher with Employer. On August 4, 2021, Claimant filed the Claim Petition under the Workers' Compensation Act (Act)[2] alleging that during her morning duty on February 19, 2019, "[t]wo boys fighting in [the] hallway, struck [C]laimant in her back and she was slammed into a wall." Reproduced Record (R.R.) at 58.[3] In her Claim Petition, Claimant claimed the February 19, 2019 incident caused her "[l]umbar, cervical, and bi-lateral shoulder injuries, including a complete tear of the left rotator cuff." *Id*. In her Claim Petition, Claimant sought ongoing full disability benefits beginning February 19, 2021.

The WCJ held hearings on the Claim Petition and received deposition testimony and documentary evidence.[4] On February 11, 2021, the WCJ set forth the testimony and evidence she received in an Order. WCJ Dec., 2/11/21. Ultimately, the WCJ found Claimant "met her burden of proving she sustained a compensable work injury on February 19, 2019." WCJ Dec., 2/11/21, Conclusions of Law (C.L.) ¶ 2. The WCJ found Claimant's injury was "cervical sprain/strain, thoracic sprain/strain and lumbar sprain/strain with aggravation of pre[]existing lumbar degenerative spondylosis." WCJ Dec., 2/11/21, Findings of Fact (F.F.) ¶ 12. Notably, the WCJ did not include shoulder injuries or rotator cuff tears in the description of Claimant's injury. *See id*. ¶ 9. The WCJ issued an order granting Claimant's Claim Petition for back injuries, but not for shoulder injuries. The WCJ

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[3] Neither the Reproduced Record nor the Certified Record is paginated. We use the electronic page numbers for ease of reference.

[4] Claimant testified in-person before the WCJ on October 29, 2019 and by videoconference on July 31, 2020.

further found Claimant fully recovered from her back injuries as of January 9, 2020, and suspended her wage loss benefits on that date.

Claimant appealed the WCJ Decision to the Board. The Board affirmed the WCJ Decision, concluding the WCJ did not err when she found Claimant did not sustain a work-related injury to her shoulders. Bd. Op., 11/23/21, at 6.

On December 17, 2021, Claimant submitted a letter to this Court indicating she wished to appeal the Board's decision. By letter dated December 28, 2021, the Prothonotary of this Court advised Claimant she must file a petition for review in order to appeal the Board's decision. The Prothonotary preserved the date Claimant filed her letter as the date of filing of her petition for review. The letter further provided Claimant with instructions, blank forms, and additional information about the appeal process. On January 11, 2022, Claimant filed a Petition for Review, although the date of filing was December 17, 2021, as preserved by our Prothonotary.

On February 7, 2022, Employer filed a Motion to Quash Appeal (Motion to Quash). Employer argued Pa.R.A.P. 1512(a)(1) required Claimant to file her appeal within 30 days of the Board's decision, and she did not meet that deadline. In a Memorandum and Order issued March 16, 2022, this Court denied Employer's Motion to Quash because Claimant "perfected her appeal by filing an ancillary petition for review within the proscribed deadline." Memorandum and Order, 3/16/22.

Claimant and Employer filed briefs with this Court. On April 19, 2023, this Court issued an Order advising Claimant she had not yet filed a Reproduced Record and it would dismiss her appeal if she did not do so within 14 days of the Order. Order, 4/19/23. At some point Claimant attempted to file a Reproduced Record and

3

this Court rejected it for noncompliance with the Pennsylvania Rules of Appellate Procedure. Order, 5/9/23. We directed Claimant to file an Amended Reproduced Record by June 8, 2023, *id*., and on May 25, 2023, Claimant complied.

On appeal, Claimant presents two issues for our consideration. First, Claimant challenges the WCJ's evidentiary determinations, arguing the WCJ failed to consider and appropriately weigh her evidence. Claimant particularly emphasizes her testimony "she indeed complained of pain in her shoulders but none of the medical practitioners she visited at first, took note of her concern," as well as her testimony she experienced shoulder pain "a moment after" the incident. Pet. for Review, ¶ 3.1. Claimant further argues it was error to consider the testimony of Employer's medical witness, "who had only met and examined [Claimant] once, and the meeting was brief." *Id*.

Second, Claimant argues substantial evidence does not support the Board's conclusion her shoulder injury was unrelated to the February 19, 2019 work injury. *Id*. ¶ 3.2.

## II. Discussion

In a claim petition, a claimant has the burden of establishing a right to compensation and must prove all the elements necessary to support an award of benefits. *Inglis House v. Workmen's Comp. Appeal Bd. (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). As an essential element for an award of benefits, the claimant must prove she sustained a work-related injury. *Sch. Dist. of Phila. v. Workers' Comp. Appeal Bd. (Lanier)*, 727 A.2d 1171, 1172 (Pa. Cmwlth. 1999).

This Court reviews workers' compensation orders for violations of the claimant's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review whether substantial evidence

4

supports the findings of fact necessary to sustain the decision. *Id.* In our review, we remain mindful the WCJ is the ultimate fact finder in workers' compensation cases and is entitled to weigh the evidence and assess credibility of witnesses. *Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 978 n.4 (Pa. Cmwlth. 2022) (citing *Sharkey v. Workers' Comp. Appeal Bd. (Fed. Express)*, 786 A.2d 1035, 1038 (Pa. Cmwlth. 2001)). Questions of credibility, conflicting medical evidence, and evidentiary weight fall within the WCJ's authority, and the WCJ is free to accept the testimony of any witness, including medical witnesses, in whole or in part. *Ingrassia v. Workers' Comp. Appeal Bd. (Universal Health Servs., Inc.)*, 126 A.3d 394, 399 n.5 (Pa. Cmwlth. 2015). We also must view the evidence in the light most favorable to the party that prevailed before the WCJ, drawing all reasonable inferences in support of the WCJ's decision. *Id.*

The WCJ received deposition testimony from two medical experts. Employer submitted the deposition testimony of William C. Murphy, D.O. (Dr. Murphy), a physician board certified in physical medicine and rehabilitation. WCJ Dec., 2/11/21, F.F. ¶ 6.a. Dr. Murphy reviewed Claimant's medical records from various providers. The notes from Claimant's initial treatment at St. Luke's Occupational Medicine do not indicate Claimant was experiencing shoulder pain the day of the incident. Certified Record (C.R.) at 275. The day after the incident, Claimant treated at the Lehigh Valley Health Department. *Id*. at 273-74. Dr. Murphy again noted Claimant's records contained "no complaints of shoulder injury or pain." *Id*. at 274-75.

Dr. Murphy opined the work injury did not cause or worsen the rotator cuff tears he saw on the magnetic resonance imaging (MRI) "based on the mechanism of injury, review of the contemporaneous treatment records, and my findings on

physical exam." *Id.* at 289. According to Dr. Murphy, the type of injury that would cause a tear would be "a direct blow on an outstretched arm such as trying to stop yourself from falling; or some kind of traction force on the shoulder . . . like a wrenching or a rotational force." *Id.* Even if the incident worsened the rotator cuff tears, Dr. Murphy's physical exam did not reveal anything consistent with rotator cuff pathology. *Id.* at 291-92. In fact, Dr. Murphy said of Claimant: "She had normal strength. She had no signs of internal derangement of the shoulders on physical exam." *Id.* at 291.

In support of her Claim Petition, Claimant presented the deposition testimony of Samuel Grodofsky, M.D. (Dr. Grodofsky). *Id.* at 194. Dr. Grodofsky is board certified in anesthesiology and pain management. WCJ Dec., 2/11/21, F.F. ¶¶ 5-5a. Dr. Grodofsky was unable to state to a degree of medical certainty "the relationship of the trauma and the full thickness rotator cuff tears." C.R. at 201. Moreover, Dr. Grodofsky noted "[b]ased on the mechanism, there is no obvious detail of how that would cause a tear. But after the incident, there could be an aggravation." *Id.*

In addition to the testimony the parties submitted, the WCJ heard testimony from Claimant both in-person and by videoconference. The WCJ found Claimant credible, "with the exception of her testimony that she complained of shoulder pain immediately following her work injury." WCJ Dec., 2/11/21, F.F. ¶ 9. The WCJ based this determination on her "personal observations of [Claimant] during her testimony." *Id.* Additionally, because more than one provider did not document Claimant's shoulder complaints after the work injury, the WCJ found Claimant "did not immediately complain of shoulder pain." *Id.* The WCJ explained she would have given Claimant "the benefit of the doubt" if only one provider neglected to document shoulder complaints. WCJ Dec., 2/11/21, F.F. ¶ 9 n.1. However, more

6

than one provider did not document complaints of shoulder pain and, therefore, the WCJ presumed "those complaints were not made during [the] time immediately following the work injury." *Id.*

After considering Claimant's testimony and the medical evidence presented, the WCJ found Claimant suffered a work injury, albeit not the full extent she alleged in her Claim Petition. The WCJ made reasonable credibility determinations and weighed the evidence, which a WCJ has authority to do in workers' compensation cases. Ultimately, Claimant did not meet her burden of proving the incident at work caused a shoulder injury.

## III. Conclusion

For the foregoing reasons, we conclude substantial evidence supports the WCJ's findings, and the Board did not err when it affirmed the WCJ Order. Accordingly, we affirm the Board's Order.

_____
STACY WALLACE, Judge


Judge Fizzano Cannon did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lorraine Majette,             :
             Petitioner   :
                       :
      v.              : No. 1487 C.D. 2021
                       :
Allentown School District   :
(Workers' Compensation   :
Appeal Board),          :
            Respondent :

# **O R D E R**

**AND NOW**, this 22nd day of December 2023, the November 23, 2021 order of the Workers' Compensation Appeal Board is **AFFIRMED**.


                                 _____
                                 STACY WALLACE, Judge